UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAUREEN VAN HOVEN,

    Plaintiff,

    CASE No. 1:14-CV-60

v.

    HON. ROBERT J. JONKER

BUCKLES & BUCKLES, P.L.C., et al.,

    Defendants.

_____/

**ORDER**

After the parties submitted some of the requisite pretrial documents, the Court observed in an October 3, 2018, Order that there appeared to be no issues remaining for trial in this FDCPA cognate case, and notified the parties that Judgement under Rule 56 would enter after the parties submitted a proposed Judgment. Plaintiff has submitted a proposed order and judgment (ECF No. 204). Defendants have responded in opposition, asserting that this case must continue to trial on the issue of damages because Defendants have not waived their right to a jury trial. (ECF No. 205).

Defendants' opposition brief misses the mark. The question isn't whether the parties have waived a jury trial; rather it is the well-known Rule 56 question of whether there is anything to bring to trial. On this record, the Court can and should issue judgment as a matter of law under Rule 56. As the Court noted in its earlier order, there is nothing that creates a genuine issue of fact on the actual class damages—which are under $4,000 based on Defendants' own spreadsheet summary tying specific amounts to specific class members. Plaintiff is not seeking anything more than that in this case, and all liability issues have been resolved in Plaintiff's favor. Nothing in

Defendants' brief identifies a genuine issue of material fact for jury decision. The issues Defendants address would be germane if Plaintiff and the class were seeking damages under 15 U.S.C. § 1692k(a)(2). But they are not; they are now proceeding only under 15 U.S.C. § 1692k(a)(1). A jury is not required to perform the simple arithmetic to determine the actual damages due under that section based on Defendants' own spreadsheet.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants shall pay class damages in the total amount of $3,661.68 under 15 U.S.C. § 1692k(a)(1). Defendants shall convey these funds to Class Counsel who shall be responsible for disbursing these funds to the class members who were assessed costs attributable to unsuccessful garnishments that have not been subtracted from their judgment balances.

2. Plaintiff's Proposed Order (ECF No. 204) is **GRANTED** to the extent specified in this Order because there is no genuine issue of material fact in dispute, and Plaintiff and the Plaintiff class are entitled to judgment as a matter of law under Rule 56.

3. Potential damages for the class representative and the class under 15 U.S.C. §1692k(a)(2) have been waived by Plaintiff and class counsel for reasons described in earlier filings.

4. Rule 54(d) will govern the timing and process for any award of attorney fees that Plaintiff and class counsel may seek under 15 U.S.C. § 1692k(a)(3), or otherwise.

A separate Judgment shall issue.


Dated:   November 5, 2018          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE