UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN


MAUREEN VAN HOVEN,

         Plaintiff,                         Case No 14-cv-00060

v.                                     Hon. Robert J. Jonker


BUCKLES & BUCKLES, P.L.C.,
ATTORNEYS AT LAW,
GERALDINE C. BUCKLES and
MICHAEL H.R. BUCKLES,

         Defendants.


## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for April 24, 2020, before the Hon.

Robert J. Jonker.  Appearing for the parties as counsel will be and Michael O. Nelson and Phillip

C. Rogers for plaintiff, Kathleen H. Klaus and Michael H.R. Buckles for defendants.

1.    <u>Jurisdiction</u>: The basis for the court's jurisdiction is the Fair Debt Collection Practices

       Act, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.  The case does not include pendent state

       law claims.

2.    <u>Jury or Non-jury</u>: This case is to be tried before a jury.

3.    <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge

       conduct any  further proceedings in the case.

4.    <u>Statement of the Case</u>:

               <u>Plaintiffs' Claims</u>: Defendants violated the Fair Debt Collection Practices Act by

including the costs of unsuccessful garnishments on applications and writs for garnishment when those costs were not permitted by Michigan law.

> Defendant's defenses:  The Sixth Circuit clarified that the only tenable theory of an FDCPA violation presented in this case occurred when Defendants "include[d] the costs of prior failed garnishments" in a writ.  *See Van Hoven v. Buckles & Buckles,* 947 F.3d 889, 899 (6th Cir. 2020).  Defendants maintain that any such occurrence was the result of a *bona fide* error, despite the application of Defendants' policy that was reasonably adapted to avoid the violation, under 15 U.S.C. §1692k(c).   The Sixth Circuit noted that Defendants were not given a meaningful opportunity to present this defense.  *Buckles,* 947 F.3d at 900.  Because this defense is case dispositive and because the Sixth Circuit has significantly narrowed the scope of this case, Defendants believe that judicial economy is best served if this defense is addressed immediately through a dispositive motion.
>
> In the event the case is not resolved through a dispositive motion addressed to the *bona fide* error defense, Defendants believe the parties should address class certification issues, including whether Plaintiff and putative class counsel are adequate representatives of the class.

5.   Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by May 4,

2020.

6.     Disclosures and Exchanges:

    (i)    Plaintiff wants Fed.R.Civ.P. 26(a)(1) disclosures to be made by all parties  by May 4, 2020.  Defendants maintain that discovery is closed and there is no need to re-open it.

    (ii)    Plaintiff wants the identity and reports of Fed.R.Civ.P. 26(a)(2) experts by August 3, 2020. Defendants maintain that discovery is closed and there is no need to re-open it.

    (iii)    Fed.R.Civ.P. 26(a)(3): due 30 days before trial.

    (iv)    The parties have not agreed on voluntary production at this time.

7.     Discovery:  Plaintiff believes that all discovery proceedings can be completed by October 2, 2010.  Defendants maintain that discovery is closed and there is no need to re-open it. Plaintiff sought and was awarded exhaustive, extensive and costly discovery prior to the entry of judgment.  If the Court reopens discovery, Defendants will need protection from Plaintiff's use of discovery as a cudgel to settlement (as was done previously) and limited discovery on the suitability of plaintiff and plaintiff's counsel to serve as fiduciaries for the absent class members.  Under the Sixth Circuit's narrow definition of an FDCPA violation in this case, it is unlikely that Plaintiff has a claim against any of the Defendants.

Plaintiff states that the subjects on which discovery may be needed include:

(1) defendants' records regarding post judgment credits and debits made to the accounts of judgment debtors, (2) requests and writs of garnishment filed by defendants and disclosures or payments received by defendants, (3) contractual arrangements between

defendants and their clients regarding payment of the costs of garnishments,(4) defendants' internal policies regarding whether and when to include the costs of garnishments in requests for writs of garnishments and the implementation of any such policies. (5) defendants' debt collection software and its ability to track successful versus unsuccessful garnishments, (6) identity of class members, (7) amount of damages, (8) the net worth of each defendant.  Defendants object to reopening discovery on these issues[1], given that Plainitff's discovery efforts in the case below caused Defendants to incur tens of thousands of dollars in costs and lost productivity.  The result of this discovery was the determination that an over-broad and improperly certified class of plaintiffs may have suffered $3,661.68 in damages.  Under the Sixth Circuit's suggested formula for calculating damages, it is unlikely they suffered any damages.  This case is an example of why Rule 26(b) was amended to include a "proportionality" factor.  Plaintiff  believes that it may be necessary to modify the presumptive limit for interrogatories in Rule 33(a).  Defendants maintain that there was thorough, costly and exhaustive discovery in the case below.

8.     Motions:  The parties anticipate that all dispositive motions will be filed by November 2, 2020. Defendants intend to address their *bona fide* error defense through a dispositive motion at the earliest opportunity.   The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matters set forth in motion.

---

[1] These topics were also set forth in the status report Plaintiff filed **six years ago**.  *See* Joint Status Report, ECF 18, PageID  This is not a new case.

9.      <u>Alternative Dispute Resolution</u>: Defendants do not believe ADR would be fruitful.

Plaintiff recommends that this case be submitted to the following method of alternative

dispute resolution: settlement conference with a magistrate judge.

10.     <u>Length of Trial</u>: Counsel estimate the trial will last approximately 3 days total, allocated

as follows: 1 day for plaintiff's case, 2 days for defendants' case.

11.     <u>Prospects of Settlement</u>: The status of settlement negotiations is: The chances of

settlement are  non-existent

12.     <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a)

now requires that attorneys file and serve all documents electronically, by means of the

Court's CM/ECF system.


Dated   3/23/2020                          /s/ Michael O. Nelson
                                           Michael O. Nelson P 23546
                                           Attorney for plaintiff
                                           648 Monroe NW, Suite 318
                                           Grand Rapids, MI 49503
                                           (616) 559-2555


Dated:   3/23/2020                          /s/ Kathleen H. Klaus
                                           Kathleen H. Klaus
                                           Attorney for defendants
                                           28400 Northwestern Hwy., 3rd floor
                                           Southfield, MI. 48034
                                           (248) 359-7520